**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Madina,<br><br>        Petitioner,<br><br>v.<br><br>Carla Hacker Agnew, et al.,<br><br>        Respondents. | No. CV-18-00882-PHX-SRB (ESW)<br><br>**ORDER** |

Petitioner Steven Madina, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Court has required Respondents to answer the Petition (Doc. 6 at 2). The time for Respondents to file their answer has not run (Doc. 12).

On June 1, 2018, Petitioner filed his "Motion for Apointment [sic] of Counselor " (Doc. 10). Plaintiff requests the appointment of counsel because he lacks the legal knowledge to proceed with his case and the inmate assisting him in the past was transferred from Petitioner's facility.

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to

appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered both elements, Petitioner has not shown that the interests of justice require the appointment of counsel in this case. Petitioner has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Petitioner's filings with the Court, as well as the instant motion, indicate that Petitioner remains capable of navigating his proceedings and presenting arguments to the Court. Petitioner is in a position no different than many pro se prisoner litigants. Should the Court determine that an evidentiary hearing in this matter is required or counsel is necessary for the effective utilization of discovery procedures, counsel may be appointed. *See* Rules 6(a) and 8(c), 28 U.S.C. foll. § 2254.

Accordingly,

**IT IS ORDERED** denying Petitioner's "Motion for Apointment [sic] of Counselor " (Doc. 10).

Dated this 9th day of July, 2018.

_____
Honorable Eileen S. Willett
United States Magistrate Judge